UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTIN MELVIN,                    :
                                  :
     Plaintiff,                   :
                                  :
v.                                :    Case No. 3:16-cv-537 (RNC)
                                  :
STATE OF CONNECTICUT, et al.,     :
                                  :
     Defendants.                  :

RULING AND ORDER

     Plaintiff Martin Melvin, currently incarcerated at Cheshire
Correctional Institution in Cheshire, Connecticut, has filed a
complaint pro se pursuant to 42 U.S.C. § 1983.  The complaint
names 32 defendants and includes allegations that span almost two
years and multiple facilities.  Because the complaint fails to
comply with the requirements of Rules 8 and 20 of the Federal
Rules of Civil Procedure, it is dismissed with leave to amend.

     Under 28 U.S.C. § 1915A, the Court is required to review a
prisoner's complaint against government officials and dismiss any
portion of the complaint that is frivolous, malicious, or fails
to state a claim on which relief may be granted.  In reviewing a
pro se complaint, the Court assumes the truth of factual
allegations and interprets them liberally to "raise the strongest
arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639
(2d Cir. 2007).  To avoid dismissal, a complaint must allege
"enough facts to state a claim to relief that is plausible on its

1

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A
claim is plausible on its face "when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In this case, the screening required by the statute is
inordinately burdensome because the complaint fails to comply
with Rule 8's pleading requirements.  Rule 8(a)(2) provides that
a complaint "must contain . . . a short and plain statement of
the claim showing that the pleader is entitled to relief."  Fed.
R. Civ. P. 8(a)(2).  Rule 8(d)(1) requires that "[e]ach
allegation must be simple, concise, and direct."  Id. 8(d)(1).
The purpose of Rule 8 is "to permit the defendant to have a fair
understanding of what the plaintiff is complaining about and to
know whether there is a legal basis for recovery."  Ricciuti v.
New York City Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991).  In
addition, "the rule serves to sharpen the issues to be litigated
and to confine discovery and the presentation of evidence at
trial within reasonable bounds."  Powell v. Marine Midland Bank,
162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation
omitted).  Finally, the Rule relieves the Court and the
defendants of the "unjustified burden" of having "to select the
relevant material from a mass of verbiage."  Salahuddin v. Cuomo,
861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller,

2

Federal Practice and Procedure § 1281, at 365 (1969)); see also
Infanti v. Scharpf, 06 CV 6552(ILG), 2008 WL 2397607, at *1
(E.D.N.Y. June 10, 2008) ("Complaints which ramble, which
needlessly speculate, accuse, and condemn, and which contain
circuitous diatribes far removed from the heart of the claim do
not comport with these goals and this system; such complaints
must be dismissed." (citation and quotation omitted)).

"When a complaint does not comply with the requirement that
it be short and plain, the court has the power, on its own
initiative or in response to a motion by the defendant, to strike
any portions that are redundant or immaterial, see Fed. R. Civ.
P. 12(f), or to dismiss the complaint." Salahuddin, 861 F.2d at
42. In Salahuddin, a case brought by a prisoner under § 1983,
the Court of Appeals had "no doubt" that the pro se complaint
failed to comply with Rule 8. Id. at 43. The complaint
"span[ned] 15 single-spaced pages and contain[ed] explicit
descriptions of 20-odd defendants, their official positions, and
their roles in the alleged denials of Salahuddin's rights," along
with a "surfeit of detail." Id. The Court of Appeals concluded
that the district court had discretion to dismiss the complaint
for noncompliance with Rule 8 and that the plaintiff should be
ordered to file an amended complaint omitting unnecessary detail.
Id.; see also Blakely v. Wells, 209 F. App'x 18, 20 (2d Cir.
2006) (stating that "[t]he District Court acted within the bounds

of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a)" because "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain"); Rosa v. Goord, 29 F. App'x 735, 735 (2d Cir. 2002) (affirming dismissal of complaint and amended filings that "remained prolix and not susceptible of a responsive pleading").

In this case, the complaint is neither "short and plain," Fed. R. Civ. P. 8(a), nor "simple, concise, and direct," id. 8(d)(1). The complaint spans 48 handwritten pages, containing 94 paragraphs, and is supplemented by 57 pages of attached materials. It is not divided into separate counts; instead, plaintiff merely provides a lengthy description of events and a list of possible claims. The allegations include a wide range of alleged wrongs, including: (1) unconstitutional conditions of confinement; (2) deliberate indifference to serious medical needs; (3) retaliation; (4) improper revocation of parole; (5) interference with ongoing legal proceedings; (6) denial of access to the mail; (7) obstruction of administrative remedy procedures; (8) conspiracy to violate plaintiff's rights; and (9) negligence.

The complaint also fails to comply with the limits on permissive joinder of claims against multiple defendants under Rule 20(a)(2). Joinder of claims against multiple defendants is permitted by this Rule if two criteria are met: (1) the claims

"aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis."  Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).  "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims."  Barnhart v. Town of Parma, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); see also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.).  As the Court of Appeals has observed in the Rule 13 context, whether a claim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  Harris v. Steinem, 571 F.2d 119, 123 (2d Cir. 1978).

In this case, the complaint joins in one action claims that are wholly unrelated.  Throughout the complaint, plaintiff describes a series of incidents occurring first while he was a

resident at the Daytop Drug Treatment Program, then after he left
that program and was hospitalized, and finally after he returned
to the custody of the Department of Correction.  Plaintiff also
challenges his parole proceeding.  There is little overlap
between the possible claims and various defendants involved in
these different categories of allegations.  Moreover, even within
the allegations regarding Daytop, the claims relating to
conditions and medical care are unrelated to the claims regarding
interference with pending litigation or access to the mail.
Because these and other claims in the complaint do not "aris[e]
out of the same transaction, occurrence, or series of
transactions and occurrences," Fed. R. Civ. P. 20(a)(2), the
complaint exceeds the bounds of permissible joinder under Rule
20(a)(2).

When a prisoner's complaint improperly joins unrelated
claims against multiple defendants, the plaintiff may be
attempting to circumvent the three strikes and filing fee
provisions of the Prison Litigation Reform Act.  See George v.
Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims
against different defendants belong in different suits, not only
to prevent the sort of morass that this 50-claim, 24-defendant
suit produced but also to ensure that prisoners pay the required
filing fees - for the Prison Litigation Reform Act limits to 3
the number of frivolous suits or appeals that a prisoner may file

without prepayment of the required fees."). Even if that is not the reason for the misjoinder, a court performing the screening required by § 1915A may find it convenient to exercise its authority to sever parties <u>sua</u> <u>sponte</u> as permitted by Rule 21 and direct the plaintiff to proceed against those parties in separate actions. <u>See</u> Fed. R. Civ. P. 21.  But when a prisoner's complaint is as lengthy and detailed as the one here, making it subject to dismissal for noncompliance with Rule 8, it makes little sense for a court to attempt to cure the misjoinder of parties on its own.  In the absence of prejudice to the plaintiff's substantive rights, the better course is to require the plaintiff to choose the claims he wishes to bring in the action and drop the remainder.  <u>See</u> <u>Wilson v. Bruce</u>, 400 F. App'x 106, 108 (7th Cir. 2010) (declining to disturb dismissal predicated on prisoner's failure to comply with district court's order conditioning his right to proceed on his willingness to drop misjoined claims).

Accordingly, the complaint is hereby dismissed without prejudice.  Plaintiff will be given leave to file an amended complaint that: (1) provides a short and concise statement of his claims; and (2) does not attempt to impermissibly join unrelated claims against multiple defendants.  The amended complaint must be filed on or before July 14, 2016.  If the amended complaint fails to comply with these instructions, or if no amended

complaint is filed by the deadline, this action will be subject to dismissal with prejudice.

In light of this order, the motion for a temporary restraining order, preliminary injunction, and preliminary discovery (ECF No. 3) is denied as moot and without prejudice to renewal if appropriate once an amended complaint has been filed.

So ordered this 14th day of June 2016.


_____
            /s/ RNC
        Robert N. Chatigny
    United States District Judge